## Laura H. Tobey's Estate.

*Taxation—Inheritance tax—Blending estates—Practice, O. C.*

1. Where, in deciding the question of the blending of an appointive and an individual estate, the liability of the appointed estate to taxation is inferentially, though necessarily, considered, the Orphans' Court may pass upon the settlement of the tax.

2. If, in such case, the only matter that requires further decision is the amount of the tax, such amount should be determined by a formal appraisement.

3. While the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, provides in terms only for an appraisement by an appraiser appointed by the register of wills and appeal therefrom, yet it is proper, when there is no dispute, for the Auditing Judge to award the tax in his adjudication, or, if a question is raised, to award the balance for distribution subject to the regular assessment of the tax.

4. It is proper practice for the register of wills to assess the tax subject to a suspended claim for further tax on a disputed credit claimed before the appraisers, for debts, excessive counsel fees or commissions, etc., although there is no express warrant in the act of assembly for the practice.

5. Under such practice, the Auditing Judge, having all the parties before him, may dispose of the question as though on appeal, thus saving the time and expense which would be occasioned by circuity of action.

Exceptions to adjudication. O. C. Phila. Co., July T., 1927, No. 2462.

*H. Gordon McCouch*, for University of Pennsylvania, exceptant.

*L. L. Smith*, for West End Trust Company, trustee for Bessie R. Kurtz, exceptant.

*M. T. McManus, Alfred N. Keim* and *Thomas S. Williams*, for legatees of Laura H. Tobey, and *William M. Boenning*, for Commonwealth, contra.

GEST, J., Feb. 17, 1928.—These exceptions filed to the adjudication in the estate of Laura H. Tobey were argued together with the exceptions filed to the adjudication on the account of the trustee for Laura H. Tobey under the will of Frank R. Tobey, deceased, and it is not necessary to repeat what has been therein said in reference to the execution by Laura H. Tobey of her power of appointment under the will of Frank R. Tobey and the liability of the appointed estate for inheritance tax.

The Auditing Judge, in reference to the latter subject, held that the amount of the tax and the liability of the appointed estate therefor was not before him, the original jurisdiction being with the Register of Wills under the Act of June 20, 1919, P. L. 521, and, consequently, made the following award:

"The balance, $4337.58, composed as set forth in the account, to which is to be added the award in the matter of Frank R. Tobey, made in and by the adjudication this day filed, less commissions, etc., . . . there being reserved from the residuary estate a fund sufficient to pay tax in the event that the taxing authorities assess same under and by virtue of the authority hereinbefore quoted, and also tax admittedly due, is awarded to those entitled as set forth in the annexed petition and as defined in and by this adjudication."

Laura H. Tobey's Estate.

No exceptions have been filed to the ruling of the Auditing Judge that the tax due should be assessed by the appraiser duly appointed by the Register of Wills, but the procedure was discussed at the argument, and we consider it proper to state our views on the subject. The Auditing Judge followed strictly the provisions of the act of assembly under which the liability of an estate for the tax, as well as the amount of the tax, are to be so determined *in limine;* but in deciding the question of blending raised in the estate of Frank R. Tobey, the liability of the appointed estate to taxation was inferentially though necessarily considered; and we cannot see that any interests have been injuriously affected thereby, as all parties were before the Auditing Judge, and the only matter that requires further decision is the amount of the tax, which should be determined by a formal appraisement; and in the present case the value of the remainder interest is to be determined as of the date when the estate of Laura H. Tobey, the remainderman, came into possession under section 3 of the Act of 1919, and see Ashmead's Estate, 28 Dist. R. 222.

While, therefore, the provisions of the Transfer Inheritance Tax Act provide in terms only for an appraisement made by an appraiser appointed by the Register of Wills and the settlement thereof in a disputed case by an appeal to the Orphans' Court, yet, in our practice, the Auditing Judge is accustomed, when there is no dispute, to award the tax in his adjudication, or, if a question is raised, to award the balance for distribution subject to the regular assessment of the tax, as the Auditing Judge did in this case. So, also, it is the practice in the office of the Register of Wills to assess tax subject to a suspended claim for further tax on a disputed credit claimed before the appraiser for debts, excessive counsel fees or commissions, etc., although there is no express warrant in the act of assembly for this practice, and, at the audit, the Auditing Judge, having all parties before him, disposes of the question as though on appeal, thus saving the time and expense which would be occasioned by circuity of action.

All exceptions are dismissed and the adjudication is confirmed absolutely.

HENDERSON, J., did not sit.